IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VITO DRAGONE, JR. and LAWRENCE A. WOLFE, JR., Designated Trustees of the Southwestern Pennsylvania and Western Maryland Area Teamsters & Employers Pension Fund,<br><br>       Plaintiffs,<br><br>  vs.<br><br>BC CONCRETE OF CUMBERLAND, INC., et al.<br><br>       Defendants. | Civil Action No. 2:21-cv-244 |

**DEFENDANT'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

Defendant BC Concrete of Cumberland, Inc., ("Defendant") hereby answers the Amended Complaint by Plaintiffs as follows:

1. Defendant denies withdrawal liability and denies that it is a successor to a withdrawing company. As to the remaining allegations contained in paragraph 1 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

2. Defendant admits that this Court has jurisdiction pursuant to Section 4301(c) of the Multiemployer Pension Plan Amendments Act ("MPPAA") and 29 U.S.C. §1451(c). However, in this case, Defendant is not covered by the MPPAA. Defendant denies the rest of paragraph 2 of the Amended Complaint.

3. Defendant denies that venue is proper in this Court.

**The Parties**

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 4 of the Amended Complaint, and therefore denies them.

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 5 of the Amended Complaint, and therefore denies them.

6. Defendant denies any withdrawal liability. As to the remaining allegations contained in paragraph 6 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 7 of the Amended Complaint, and therefore denies them.

8. Defendant admits the allegations in paragraph 8 of the Amended Complaint.

**Background**

9. Defendant admits that at one point Queen City Concrete was a party with a collective bargaining agreement with the Teamsters and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 9 of the Amended Complaint, and therefore denies them.

10. Defendant admits only that it entered into an asset purchase agreement with Queen City Concrete on or about August 1, 2017 and that Defendant purchased assets of Queen City Concrete. The terms of the purchase are memorialized in the asset purchase agreement which speaks for itself and the allegations of this paragraph are thus denied.

11. Defendant admits the allegations in paragraph 11 of the Amended Complaint.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 12 of the Amended Complaint, and therefore denies them.

With respect to the unnumbered heading, "BC Concrete's Prior Notice of Queen City's Potential Withdrawal Liability," to the extent that the statement is deemed an allegation requiring a response, Defendant denies the allegation.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13 of the Amended Complaint, and therefore denies them.

14. Defendant denies the allegations in paragraph 14 of the Amended Complaint. David Weimer is a shareholder in BC Concrete.

15. Defendant denies the allegations in paragraph 15 of the Amended Complaint.

16. Defendant admits that Mr. Steiner and Mr. Weimer discussed the possibility of the sale of Queen City assets prior to August 25, 2017 and denies the remaining allegations in paragraph 16 of the Amended Complaint.

17. Defendant denies the allegations in paragraph 17 of the Amended Complaint.

18. Defendant denies the allegations in paragraph 18 of the Amended Complaint.

19. Paragraph 19 characterizes a document which speaks for itself. The allegations of this paragraph are thus denied.

With respect to the unnumbered heading, "BC Concrete is Queen City's Successor," to the extent that the statement is deemed an allegation requiring a response, Defendant denies the allegation.

20. Defendant admits the allegations in paragraph 20 of the Amended Complaint.

21. Defendant admits the allegations in paragraph 21 of the Amended Complaint.

22. Defendant denies the allegations in paragraph 22 of the Amended Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Amended Complaint.

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 24 of the Amended Complaint.

25. Defendant admits Mr. Steiner served as a consultant to BC Concrete after closing on the asset purchase agreement and was compensated for those services and denies the remaining allegations in paragraph 25 of the Amended Complaint.

26. Defendant admits that Ryan Steiner assisted in aspects of the transition after BC Concrete closed on the transaction and denies the remaining allegations in paragraph 26 of the Amended Complaint.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 27 of the Amended Complaint.

28. Defendant denies the allegations in paragraph 28 of the Amended Complaint.

29. Defendant admits receipt of a letter dated April 11, 2018 from the Fund and denies the remaining allegations in paragraph 29 of the Amended Complaint.

30. Paragraph 30 of the Amended Complaint characterizes a document which speaks for itself. The allegations contained in paragraph 30 are thus denied.

31. Paragraph 31 of the Amended Complaint characterizes a document which speaks for itself. The allegations contained in paragraph 31 are thus denied.

32. Paragraph 32 of the Amended Complaint characterizes a document which speaks for itself. The allegations contained in paragraph 32 are thus denied.

33. Paragraph 33 of the Amended Complaint characterizes a document which speaks for itself. The allegations contained in paragraph 33 are thus denied.

34. Defendant admits that it timely exercised the right to challenge the authority of any arbitration or the standing of Plaintiffs to assert successor liability against BC Concrete, and denies the remaining allegations in paragraph 34 of the Amended Complaint.

35. Defendant denies the allegations in paragraph 35 of the Amended Complaint.

36. Defendant denies the allegations in paragraph 36 of the Amended Complaint.

37. Paragraph 37 of the Amended Complaint characterizes a document which speaks for itself. The allegations contained in paragraph 37 are thus denied.

38. Paragraph 38 of the Amended Complaint characterizes a document attached to the Amended Complaint and which speaks for itself. The allegations contained in paragraph 38 are thus denied.

39. Paragraph 39 of the Amended Complaint characterizes a document attached to the Amended Complaint and which speaks for itself. The allegations contained in paragraph 39 are denied.

40. Paragraph 40 of the Amended Complaint states legal conclusions to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations.

### COUNT I – TO RECOVER WITHDRAWAL LIABILITY ASESSMENT PURSUANT TO SECTION 4301 OF THE MPPAA.

41. Defendant repeats and reasserts each response to Paragraphs 1 through 40 above.

42. Defendant denies the allegations in paragraph 42 of the Amended Complaint.

43. Paragraph 43 of the Amended Complaint states legal conclusions to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations.

**COUNT II – ARBITRATION AWARD ENFORCEMENT AGAINST BC CONCRETE.**

44. Defendant repeats and reasserts each response to Paragraphs 1 through 43 above.

45. Defendant denies the allegations in paragraph 45 of the Amended Complaint.

46. Paragraph 46 of the Amended Complaint states legal conclusions to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations.

47. Defendant admits the allegations in paragraph 47 of the Amended Complaint and affirmatively asserts that no payments are due.

48. Paragraph 48 of the Amended Complaint states legal conclusions to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations.

To the extent not expressly admitted herein, Defendant denies each and every other allegation, express or implied, contained in Plaintiff's Amended Complaint.

**DEFENSES**

1. As to each claim for relief, Plaintiffs have failed to state a claim upon which relief may be granted.

2. Plaintiffs have asserted improper venue.

3. Plaintiffs' claims are barred because Defendant is not a successor employer or in any other respect subject to the MPPAA, and this Court therefore lacks subject matter jurisdiction.

4. Plaintiffs' claims are barred because Defendant is not a successor employer or in any other respect subject to liability under the MPPAA.

5. Plaintiffs' claims are barred because Defendant is not a successor-in-interest to the withdrawing employer.

6. Plaintiffs' claims are barred by estoppel.

7. Plaintiffs' claims are barred because Defendant is not a party to a collective bargaining agreement with Teamster Local No. 453.

8. Plaintiffs' claims are barred because Defendant lacked notice of potential withdrawal liability.

9. Plaintiffs' claims are barred because the Arbitrator had no authority to enter the Arbitration Award.

10. Plaintiffs' claims are barred because the Defendant was not subject to the Arbitrator's jurisdiction.

11. Defendant reserves the right to assert further defenses as may be revealed during discovery.

WHEREFORE, Defendant BC Concrete of Cumberland, Inc., by undersigned counsel, respectfully requests that the Court:

A. Enter judgment in Defendant's favor.

B. Award Defendant its reasonable costs and fees, including attorneys' fees.

C. Grant Defendant such other and further relief as the Court deems just and proper.

Date: May 19, 2021

Respectfully submitted,

/s/ Francis R. Laws
Francis R. Laws (Bar No. 02596)
flaws@tandllaw.com
Jennifer E. Ciarrocchi (Bar No. 20101)
jciarrocchi@tandllaw.com
Thomas & Libowitz, P.A.
25 S. Charles Street, Suite 2015
Baltimore, MD 21201
Tel: 410-752-2468
Fax: 410-752-0979

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of May, 2021, a copy of the Defendant's Answer to Plaintiffs' Amended Complaint was filed using the court's ECF system which will serve copies to all counsel of record.

/s/ Francis R. Laws
Francis R. Laws